UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEREMIAH LEE JOHNSON, | |
|     Plaintiff, | |
|     v. | CAUSE NO. 3:20-CV-45-RLM-MGG |
| N. HARRIS, et al., | |
|     Defendants. | |

OPINION AND ORDER

Jeremiah Lee Johnson, a prisoner without a lawyer, filed a complaint related to the conditions of his confinement at the Miami Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Johnson alleges that for two months, from August 31, 2019, to October 27, 2019, he was housed in a cellblock where his cell, the day room, and the showers weren't cleaned. The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–527 (1984)). Conditions of confinement must be severe to support an Eighth Amendment

claim. "[T]he prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities." *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir. 1992). In other words, "[a]n objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." Christopher v. Buss, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). Other than saying these areas weren't cleaned for two months, Mr. Johnson provides no details about why they were so dirty, how they denied him the minimal civilized measure of life's necessities or why housing him in these areas offends contemporary standards of decency. His bare allegation that these rooms were not cleaned for two months doesn't state a claim on which relief could be granted to Mr. Johnson.

Mr. Johnson alleges that correctional officers who didn't know how to wash laundry burned his clothes. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Indiana's tort claims act (Indiana Code § 34-

2

13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees. Those state laws provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See* Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). The damage to his clothes does not state a claim on which relief could be granted.

 Mr. Johnson alleges he wasn't permitted to go to the gym or for outside recreation during these two months. A total lack of exercise would state a claim where "movement is denied and muscles are allowed to atrophy," French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985), but the denial of "desirable, entertaining diversions . . . [do] not raise a constitutional issue," Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir. 1988). Mr. Johnson says he was permitted two hours out of his cell each day for recreation. These allegations about recreation don't state a claim on which relief can be granted.

 Mr. Johnson alleges he was served insufficient quantiles of unappetizing, cold food. "Prisoners have a right to adequate food, *see* Farmer v. Brennan, 511 U.S. 825, 833 (1994), but not to food that is tasty or even appetizing, *see* Lunsford v. Bennett, 17 F.3d 1574, 1578 (7th Cir.1994) (complaint about 'cold, poorly prepared beans' did not state Eighth Amendment claim);" Williams v. Berge, 102 F. App'x 506, 507 (7th Cir. 2004) (parallel and secondary citations omitted). In evaluating whether a prisoner was served an adequate quantity of food, "a court must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). Mr. Johnson doesn't provide any

3

details about the quantity of food he was served, he merely says it was insufficient and he lost fifteen pounds in two months. Without more facts about his starting and ending weight, it is impossible to determine whether a fifteen-pound weight loss in two months supports a plausible inference that he was deprived of food in violation of the Eighth Amendment or whether he was merely served the number of calories sufficient for him to maintain a healthy/healthier body mass.

This complaint doesn't state a claim for which relief can be granted. Mr. Johnson may file an amended complaint if he has additional facts about his weight that might show that the number of calories he was served could plausibly be an Eighth Amendment violation. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form with additional facts, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Jeremiah Lee Johnson until **October 7, 2020**, to file an amended complaint; and

(2) CAUTIONS Jeremiah Lee Johnson if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

4

SO ORDERED on September 8, 2020

                                                s/ Robert L. Miller, Jr.
                                                JUDGE
                                                UNITED STATES DISTRICT COURT